Tatyana **SHEVTSOV; et al.,**
Plaintiffs—Appellants,

v.

**LOS ANGELES COMMUNITY COLLEGE DISTRICT; et al.,**
Defendants—Appellees.

No. 04–56577.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Filed June 19, 2006.

Tatyana Shevtsov, Vladimir Shevtsov, Los Angeles, CA, for Plaintiffs–Appellants.

Martine Magana, Los Angeles Community College District, Los Angeles, CA, B. Tilden Kim, Esq., for Defendants–Appellees.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Tatyana Shevtsov and her husband Vladimir Shevtsov appeal pro se from the district court's summary judgment in favor

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

of defendants in their civil rights action arising from alleged national origin discrimination. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). We affirm.

An equal protection claim requires a showing that "the defendant acted in a discriminatory manner and that the discrimination was intentional." *Id.* The district court properly granted summary judgment on Tatyana Shevtsov's equal protection claims because she failed to produce evidence sufficient to raise a genuine issue of material fact as to the motivations of any of the defendants. *Id.* The district court properly granted summary judgment on her First Amendment claim because Tatyana Shevtsov failed to raise a genuine issue of material fact regarding whether the conduct of any of the defendants would chill a person of ordinary firmness from exercising her First Amendment rights. *See Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir.1999).

Similarly, Vladimir Shevtsov failed to raise an issue of material fact regarding his First Amendment retaliation claims. *See id.* In addition, Vladimir Shevtsov produced no evidence that defendants Walter or Winston knew that he had advocated on his wife's behalf. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751 (9th Cir.2001). The district court also properly concluded that Vladimir Shevtsov could not bring a 42 U.S.C. § 1983 claim based on an alleged violation of the Higher Education Act, 20 U.S.C. § 1070 et seq. *See Gonzaga University v. Doe*, 536 U.S. 273, 285–86, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) ("[W]here the text

and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action.").

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**